UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAROL BROWN, <br><br>                          Plaintiff, <br><br> -against- <br><br> DR. JON D. STEN; GEISINGER MEDICAL CENTER, <br><br>                          Defendants. | 22-CV-533 (LTS) <br><br> TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff filed this *pro se* complaint against Dr. Jon D. Sten and Geisinger Medical Center, alleging that they violated her rights. By order dated February 9, 2022, the Court granted Plaintiff leave to proceed *in forma pauperis* (IFP). For the following reasons, the Court transfers this action to the United States District Court for the Middle District of Pennsylvania.

## CONCLUSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under § 1391(c), an "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff previously resided in Shamokin, Pennsylvania, but now appears to live in New York. Sten is located in Shamokin, Pennsylvania, and Geisinger is located in Danville, Pennsylvania. Plaintiff alleges that Defendants failed to provide her with medical records relating

to her daughter's death in Pennsylvania. Because Defendants do not reside in this district, and because a substantial part of the events or omissions giving rise to Plaintiff's claims arose outside this district, venue is not proper in this court under Section 1391(b)(1) or (2). Plaintiff's claims arose in Danville and Shamokin, Pennsylvania, which are located in the Middle District of Pennsylvania. *See* 28 U.S.C. § 118(b). Accordingly, venue lies in the Middle District of Pennsylvania, 28 U.S.C. § 1391(b)(1), (2), and the Court transfers this action to the United States District Court for the Middle District of Pennsylvania, 28 U.S.C. § 1406(a).[1]

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Middle District of Pennsylvania. A summons will not issue from this court. This order closes the case in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[1] The Court transferred to the Middle District of Pennsylvania a prior complaint Plaintiff filed. *See Brown v. City of Shamokin Police Dep't*, ECF 1:21-CV-8821, 3 (S.D.N.Y. Nov. 16, 2021).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   February 22 2022
         New York, New York

                                        /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                       Chief United States District Judge

3